UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TECHDISPOSAL.COM, INC.,

    Plaintiff,

    v.

CEVA FREIGHT MANAGEMENT,

    Defendant.

Case No. 2:09-cv-356
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to dismiss (Doc. # 6) filed by Defendant, Eagle Glogal Logistics, named in the Complaint (Doc. # 5) as CEVA Freight Management. In addition to the motion, Plaintiff Techdisposal.com's memorandum in opposition (Doc. # 8), Defendant's reply memorandum (Doc. # 9) and supplemental reply memorandum (Doc. # 13), as well as Plaintiff's supplemental response memorandum (Doc. # 16), are before the Court. For the reasons that follow, the Court **GRANTS** the motion to dismiss.

**I. Background**

Since 2005, Plaintiff, a technology waste company, has contracted with Defendant, a freight and shipping company, to transport technology waste from Plaintiff's clients, including computer hard drives, laptops, and data. (Doc. # 5 ¶¶ 4, 5.) Plaintiff alleges multiple incidents wherein Defendant mishandled, lost, incorrectly shipped, and purposefully delayed waste shipments from Plaintiff's clients. (*Id.* ¶ 6.) Plaintiff claims to have lost several clients and

suffered significant financial loss. (*Id.* ¶ 12.) In one example, Plaintiff alleges that it lost a client that provided Plaintiff over $150,000 a year in business, on average. (*Id.* ¶ 6.)

Plaintiff initiated the instant action by filing its Complaint in the Common Pleas Court of Franklin County, Ohio. (*Id.*) The Complaint asserts state common law claims for breach of contract, promissory estoppel, and unjust enrichment, all of which arise out of Defendant's shipment of technology waste for Plaintiff's clients. (*Id.* ¶¶ 7-23.)

Pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1446, Defendant removed the case to this Court on May 4, 2009. (Doc. # 1.) Defendant then filed a motion to dismiss (Doc. # 6) Plaintiff's Complaint (Doc. # 5) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which this Court can grant relief on the grounds that 49 U.S.C. § 14706 (the "Carmack Amendment") preempts the state common law claims.

Opposing Defendant's motion, Plaintiff submitted a response, arguing that this Court lacks jurisdiction because not a single bill of lading in dispute involves an amount in controversy over $10,000.00. Further, Plaintiff argues that if this Court does have jurisdiction, the Court should not dismiss the Complaint because it alleges sufficient facts to make out a Carmack Amendment claim. Finally, in the alternative, Plaintiff argues that the Court should grant leave to amend the Complaint.

Defendant in turn filed a reply memorandum in which it argued that (1) the Complaint satisfies the amount-in-controversy requirement under 28 U.S.C. § 1337(a), (2) this Court cannot construe Plaintiff's state common law claims as a Carmack Amendment claim, and (3) the Court should not consider Plaintiff's alternative request to amend because Plaintiff has failed to

provide an amended complaint to the Court. In a supplemental reply, Defendant argues that a demand letter sent by Plaintiff to Defendant is "other paper" under 28 U.S.C. § 1446 and that it evidences that the $10,000.00 jurisdictional threshold has been satisfied. In a supplemental response memorandum filed with leave of this Court, Plaintiff argues that the settlement letter is not "other paper" under 28 U.S.C. § 1446 and that the letter does not establish that the jurisdictional requirements have been satisfied.

The parties have completed briefing the issues involved, and the motion is now ripe for disposition.

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether Plaintiff has set forth a claim upon which this Court can grant relief. In determining whether a dismissal upon a Rule 12(b)(6) motion is appropriate, this Court must construe the *Complaint* in "the light most favorable" to Plaintiff, accepting as true all well-pleaded factual allegations. *Bower v. Federal Exp. Corp.*, 200, 203 (6th Cir. 1996), citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991); *see also Misch v. The Cmty. Mutual Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994). Although this is a liberal standard, more is required of the Complaint than the bare assertion of legal conclusions or unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The Complaint is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Court will dismiss the Complaint if it does not "contain either direct or inferential

allegations" with respect to all material elements necessary to sustain recovery under a viable legal theory. *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997); *see also In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

    **B. Analysis**

    Defendant moves to dismiss the Complaint on the basis that 49 U.S.C. § 14706 (formerly 49 U.S.C. § 11707), the Carmack Amendment, preempts Plaintiff's state common law claims. In a uniform line of cases, the Court of Appeals for the Sixth Circuit has held that the Carmack Amendment to the Interstate Commerce Act ("ICA") is broad in its preemptive effect on state tort claims arising out of the transportation and delivery of goods. *Toledo Ticket Co. v. Roadway Exp., Inc.*, 133 F.3d 439, 441 (6th Cir. 1998); *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421 (6th Cir. 1972); *American Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 465 (6th Cir. 1970). The Carmack Amendment provides the exclusive means for a shipper to recover for any damages to delivered goods or for negligent performance by a carrier. *American Synthetic Rubber Corp.*, 422 F.2d at 465-66. The United States Supreme Court has explained in detail the history and rationale behind the Carmack Amendment, holding that it is the express intent of Congress to provide nationwide uniformity to carrier liability. *Adams Express Co. v. Croninger*, 226 U.S. 491, 503-08 (1913).

    To make a cognizable claim pursuant to 49 U.S.C. § 14706, a shipper must establish the following: (1) the delivery of goods to the carrier in good condition, (2) the arrival of goods in damaged condition, and (3) the amount of damages measured by actual loss. *Great West Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955, 966 (S.D. Ohio 2009) (citing *Missouri Pacific R.R. v.*

*Elmore & Stahl*, 377 U.S. 134, 138 (1964)). If the shipper establishes a *prima facie* case, the burden of proof shifts to the carrier "to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Missouri Pacific R.R.*, 377 U.S. at 138.

Plaintiff argues that, pursuant to 28 U.S.C. § 1337(a), this Court lacks jurisdiction over any Carmack Amendment claim and must remand because each bill of lading[1] referred to in the Complaint was less than the $10,000 threshold.[2] Plaintiff relies primarily upon *Pillsbury Co. v. Atchison, Topeka* and *Santa Fe Ry. Co.*, 548 F. Supp. 28, 30 (D.C. Kan. 1982), for the proposition that the loss amounts for each bill of lading cannot be aggregated to fulfill the $10,000.00 jurisdictional threshold, but rather, each bill of lading must exceed the threshold level.

The Complaint *sub judice* does not explicitly state loss amounts for each bill of lading in question. Rather, the Complaint states that Plaintiff is entitled to more than $25,000 in compensatory damages and more than $25,000 in punitive damages.[3] The pleading also sets

---

[1] A bill of lading is described as "the basic transportation contract between the shipper-consignor and the carrier." *Flandrich*, 605 F. Supp. 2d at 964 (citing *S. Pac. Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336, 342 (1982)). When a carrier issues a receipt or bill of lading for property it receives for transport, it is "then liable to the party entitled to recover under the receipt or bill of lading for any 'actual loss or injury to the property.'" *Toledo Ticket Co.*, 133 F.3d at 441.

[2] 28 U.S.C. § 1337(a) provides in pertinent part that "the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."

[3] Plaintiff also asserts that as a result of Defendant's mishandling of shipments, it lost business worth more than $150,000 a year on average from just one client. (Doc. # 5 ¶ 6.)

forth several six-figure losses allegedly incurred as a consequence of the asserted failures by Defendant.[4]

These figures are compelling in light of the fact that courts have held that the actual amount in controversy is the key figure for purposes of ascertaining jurisdiction related to the Carmack Amendment. *See Simmons v. United Parcel Serv.*, 924 F. Supp. 65, 67 (W.D. Tex. 1996) ("Federal jurisdiction under the Carmack Amendment does not . . . depend on the amount on the face of the receipt or bill of lading. If the shipment generates a controversy exceeding $10,000, the claim satisfies the $10,000 jurisdictional requirement."); *see also DWC Co.*, 2009 WL 150671, at *1-2. Because this litigation therefore satisfies the amount-in-controversy

---

[4] Apart from the Complaint, Defendant argues that a post-complaint settlement demand letter it received from Plaintiff in the amount of $275,000.00 is considered "other paper" under 28 U.S.C. § 1446(b) and further evidences that the actual amount in controversy is well in excess of $10,000.00. The Sixth Circuit in *Peters v. Lincoln Elec. Co.* adopted the position of other federal circuits that held a plaintiff's response in a deposition may constitute "other paper." 285 F.3d 456, 466 (6th Cir. 2002). Although the Sixth Circuit has not ruled on the precise question of whether a settlement demand letter also constitutes "other paper," federal courts have held that such post-complaint letters are "other paper" evidencing the amount-in-controversy. *See, e.g., Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (interrogatory responses, post-complaint settlement offer); *see also Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) (post-complaint settlement offer); *Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 67 (E.D. Tex. 1997) (post-complaint settlement offer); *Rodgers v. Northwestern Mut. Life Ins. Co.*, 952 F. Supp. 325, 327 (W.D .Va. 1997) (post-complaint settlement offer); 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3732 (1998) ("correspondence between the parties and their attorneys or between the attorneys usually [is] accepted as [an] "other paper"). Another judicial officer in this District found that a $15,000.00 settlement demand letter constituted 28 U.S.C. § 1446(b) "other paper" and therefore established jurisdiction predicated on the Carmack Amendment even where the complaint requested $9,355.11 in damages plus interests and costs. *DWC Co. v. CSX Transp. Inc.*, No. 2:08-cv-718, 2009 WL 150671, at *1 (S.D. Ohio Jan. 21, 2009). Assuming *arguendo* that this Court could depart from the Complaint and even consider such a letter, the settlement demand would arguably offer a second, independent ground supporting preemption and jurisdiction here.

requirement under 28 U.S.C. § 1337(a), this Court has subject matter jurisdiction over the dispute. Accordingly, the Court finds Plaintiff's request for a remand not well taken.

Plaintiff also argues that if jurisdiction exists, the Court should not dismiss the Complaint because it alleges sufficient facts by which this Court could construe a claim for relief under the Carmack Amendment. Plaintiff principally relies upon an unreported case from a district court in Florida to argue that this Court should thus construe the Complaint as a Carmack Amendment claim. *See Bishop v. Allied Van Airlines*, No. 8:08-cv-2170, 2008 WL 5111302 (M.D. Fla. Dec. 4, 2008). This argument is not well taken. Not only is *Allied Van Airlines* an unreported opinion not binding on this Court, but the spartan analysis of that case does not persuade this Court. The complaint in *Allied Van Airlines* did not assert state law claims for breach of contract or its equitable equivalents, but rather asserted unclear claims; in the words of that district court, the complaint did "not specify the exact claims Plaintiff brings." *Id*. at *1. In concluding that the ambiguous pleading evaded Carmack Amendment preemption, the district court in fact stated that had the complaint been founded in contract, conversion, or negligence, then the claims "would be preempted by the Carmack Amendment." *Id*. at *2.

In the instant case, Plaintiff's unambiguous Complaint pleads only state tort claims of breach of contract, promissory estoppel, and unjust enrichment. (Doc. # 5 ¶¶ 7-23.) The Complaint neither sets forth a Carmack Amendment claim nor explicitly sets forth the elements necessary to establish a *prima facie* case under the Amendment. Because the Complaint fails to contain the material elements under the only applicable basis for a claim–49 U.S.C. § 14706–the pleading presents an insurmountable bar on its face to this litigation. A judicial officer in the Northern District of Ohio has explained in a case presenting an analogous scenario:

7

> Plaintiff's claims are based on state common law causes of action, not the Carmack Amendment. Plaintiff now argues the Complaint contains "sufficient facts to put Defendants on 'fair notice'" creating the specter of a claim under the Carmack Amendment sufficient to withstand Defendants' Motion to Dismiss. This eleventh hour sleight of hand fails. As the court stated in *Jackson v. Brook Ledge, Inc.,* 991 F.Supp. 640, 644 (E.D.Ky.1997), precedent "dictates that the statutory federal remedy provided in the Carmack Amendment . . . precludes a plaintiff from pursuing [his state] common law claims." *Brook Ledge, Inc.,* 991 F.Supp. at 644 (relying on *New York, New Haven & Hartford R.R. Co. v. Nothnagle,* 346 U.S. 128, 131, 73 S.Ct. 986, 97 L.Ed. 1500 (1953); *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1413 (7th Cir.1987).
>
> The Carmack Amendment is the sole remedy available to a shipper seeking damages from a carrier resulting from the interstate shipment of goods. The Amendment is written clearly and has nearly a century of precedent defining its scope. The state common law causes of action asserted by the Plaintiff do not translate magically to a federal claim under the Carmack Amendment; instead, the underlying complaint must explicitly plead claims pursuant to the Carmack Amendment.

*Carr v. Olympian Moving & Storage*, No. 1:06 CV 00679, 2006 WL 2294873, at *2 (N.D. Ohio June 6, 2006). Similarly, preemption and the pleading involved here mandate dismissal of the Complaint. *See Great West Cas. Co. v. Flandrich*, 605 F. Supp. 2d at 966 (collecting authority recognizing that the Carmack Amendment preempts all state law claims).

This leaves the issue of amendment of the Complaint. Plaintiff alternatively argues that the Court should grant it an opportunity to amend the Complaint if this Court dismisses the state common law claims. Pursuant to Federal Rule of Civil Procedure 15, a court may grant leave to amend "when justice so requires." This Court must read Rule 15 in conjunction with Fed. R. Civ. P. 7(b), which requires that a party make such a request in a motion that states with "particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b); *see also Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). The Sixth Circuit does not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party

could have filed a proper motion to amend and attached a proposed amended complaint for consideration by the court. *See Pearson Enterprises, Inc.*, 434 F.3d at 853; *see also PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004); *Begala v. PNC Bank*, 214 F.3d 776, 783-84 (6th Cir. 2000). The court of appeals explains:

> Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint . . . . Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.

*PR Diamonds, Inc.*, 364 F.3d at 699 (quoting *Begala*, 214 F.3d at 784 (emphasis in original)).

In the instant case, Plaintiff failed to follow proper procedure for submitting a motion to amend its complaint. Moreover, Plaintiff has not submitted a proposed amended complaint for review and consideration by this Court. Despite being put on notice of roughly 100 years of federal case law uniformly holding that the Carmack Amendment preempts state common law claims, Plaintiff has not submitted an amended complaint even while having ample time to do so. This Court will not accept Plaintiff's alternative argument contained in a response to a motion to dismiss as a proper motion to amend.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. (Doc. # 6). The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE